800 S.E.2d 781

In the **MATTER OF** Magistrate Gordon Blackwell
**JOHNSON, Sr., Respondent.**

**Appellate Case No. 2017-000623**
**Opinion No. 27721**

Supreme Court of South Carolina.

Submitted May 16, 2017

Filed May 31, 2017

Lesley M. Coggiola, Disciplinary Counsel, and Charlie Tex Davis, Jr., Senior Assistant Disciplinary Counsel, of Columbia, both for Office of Disciplinary Counsel.

J. Steedley Bogan, of Bogan Law Firm, of Columbia, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Judicial Disciplinary Enforcement contained in Rule 502 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a private admonition, a public reprimand, or a definite suspension not to exceed ninety (90) days. We accept the Agreement and suspend respondent from office for forty-five (45) days. The facts, as set forth in the Agreement, are as follows.

## Facts

On February 9, 2016, respondent attended a meeting of the Newberry Cotillion Club. At the conclusion of the meeting, respondent and another attendee engaged in a verbal disagreement that escalated into a physical altercation. Both respondent and the other attendee suffered minor injuries during the altercation.

## Law

Respondent admits that by his conduct, he has violated the following provisions of the Code of Judicial Conduct, Rule 501,

SCACR: Canon 1 (judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that integrity and independence of judiciary will be preserved); Section A of Canon 2 (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of judiciary); and Section A of Canon 4 (judge shall conduct all of judge's extra-judicial activities so that they do not demean the judicial office).

Respondent also admits he has violated the following Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR: Rules 7(a)(1) (it shall be a ground for discipline for judge to violate Code of Judicial Conduct) and Rule 7(a)(9) (it shall be ground for sanction for judge to violate Judge's Oath of Office contained in Rule 502.1, SCACR).

## Conclusion

We find respondent's misconduct warrants a forty-five (45) day suspension from judicial duties. We therefore accept the Agreement and suspend respondent from office for forty-five (45) days.

**DEFINITE SUSPENSION.**

BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.